O

1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10

11   CARL E. GAMACHE,                    ) Case No. CV 13-9202 JCG
                                        )
12            Plaintiff,                 )
                                        )
13        v.                            ) **MEMORANDUM OPINION AND**
                                        ) **ORDER**
14   CAROLYN W. COLVIN, ACTING          )
     COMMISSIONER OF SOCIAL             )
15   SECURITY ADMINISTRATION,           )
                                        )
16                                      )
                                        )
17            Defendant.                )
                                        )
18   ─────────────────────────────

19        Carl E. Gamache ("Plaintiff") challenges the Social Security Commissioner's

20   decision denying his application for disability benefits.  Plaintiff contends that the

21   Administrative Law Judge ("ALJ") erred in determining his residual functional

22   capacity ("RFC").  (*See* Joint Stip. at 5-12, 14-15.)  Specifically, the ALJ failed to

23   translate language used in Plaintiff's workers' compensation disability reports into

24   comparable Social Security terminology.  (*Id.*)  The Court agrees with Plaintiff for

25   the reasons discussed below.

26        A.    The ALJ Erred in Determining Plaintiff's RFC

27        Plaintiff contends that his RFC was under-inclusive because the ALJ failed to

28   translate the opinion of Dr. Vincent L. Gumbs, the qualified medical examiner in

1  Plaintiff's workers' compensation case, into Social Security parlance.  (*Id.*)

2      A claimant's RFC is the most he can still do despite his limitations.  *Smolen v.*

3  *Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996) (citing 20 C.F.R. § 404.1545(a)).  In

4  determining a claimant's RFC, the ALJ must consider all relevant evidence of

5  record, including medical opinions.  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883

6  (9th Cir. 2006); *see* 20 C.F.R. § 404.1527(b).  Significantly, unless an ALJ expressly

7  rejects a particular medical opinion, he must consider its findings when crafting the

8  claimant's RFC.  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (When "the

9  Commissioner fails to provide adequate reasons for rejecting the opinion of a . . .

10  physician, we credit that opinion as a matter of law.") (citation and internal quotation

11  marks omitted).

12      To that end, when evaluating a medical opinion using state workers'

13  compensation terminology, an ALJ must translate it into the corresponding Social

14  Security parlance.  *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573,

15  576 (9th Cir. 1988) (finding error where ALJ failed to distinguish between Social

16  Security disability scheme and California workers' compensation scheme); *Booth v.*

17  *Barnhart*, 181 F. Supp. 2d 1099, 1106 (C.D. Cal. Jan. 22, 2002) (The ALJ's

18  decisions should "indicate that the ALJ recognized the differences between the . . .

19  [two schemes,] and took those differences into account in evaluating the medical

20  evidence."); *see Macri v. Chater*, 93 F.3d 540, 543-44 (9th Cir. 1996).  If an ALJ

21  *fails* to translate workers' compensation terminology, he will be unable to properly

22  assess the opinion, or incorporate its findings into Plaintiff's RFC.  *See id.*

23      Here, Dr. Gumbs provided an opinion couched in workers' compensation

24  terminology.  (*See* Administrative Record ("AR") at 720.)  In particular, he found

25  that Plaintiff was precluded from "repetitive and prolonged gripping and grasping,"

26  among other things.  (*Id.*)  For workers' compensation purposes, a preclusion from

27  "repetitive" behavior contemplates a one-half reduction in pre-injury capacity.

28  *Brooks v. Astrue*, 2012 WL 2373628, at *5 (C.D. Cal. June 22, 2012); *see* Schedule

1    for Rating Permanent Disabilities (Labor Code of California 1997),

2    www.dir.ca.gov/dwc/PDR1997.pdf (last visited Oct. 27, 2014).  Thus, assuming that

3    Plaintiff was operating at full capacity prior to his injury, Dr. Gumbs suggests that

4    Plaintiff can now grip or grasp only *half* of the workday.  (*See* AR at 719-20.)

5         Nevertheless, the ALJ made no detectable effort to translate Dr. Gumbs'

6    opinion into Social Security terms, or include any correlative restrictions into

7    Plaintiff's RFC.  (*See id.* at 18.)  To the contrary, the positions identified by the ALJ

8    as within Plaintiff's RFC, including cashier, (Dictionary of Occupational Titles

9    ("DOT") No. 211.462-010), storage facility clerk, (Dot No. 295.367-026), and

10   counter attendant, (Dot. No. 311.677-010), all require "*frequent* handling."  (AR at

11   24) (emphasis added); *see* Social Security Ruling ("SSR") 85-15, 1985 WL 56857,

12   at *2 (1985) (defining handling as "seizing, holding, grasping, turning or otherwise

13   working primarily with the whole hand or hands").  For Social Security purposes,

14   "frequent" means "occurring from one-third to *two-thirds* of the time."  SSR 83-10,

15   1983 WL 31251, at *6 (1983).  Thus, by requiring Plaintiff to grip or grasp more

16   than one-half of the time, the ALJ implicitly rejected Dr. Gumbs' opinion.  *See*

17   *Baltazar v. Astrue*, 2012 WL 2319263, at *5 (C.D. Cal. June 19, 2012).

18        The rejection is proper only if the ALJ provided specific and legitimate

19   reasons to support it.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155,

20   1164 (9th Cir. 2008) (An ALJ may reject the opinion of an examining physician

21   only for "specific and legitimate reasons that are supported by substantial

22   evidence.") (citation omitted); *Lester*, 81 F.3d 821 at 834.  In this case, the ALJ gave

23   *no* rationale for rejecting Dr. Gumbs' opinion.  (*See generally* AR at 22-23.)  To the

24   contrary, the ALJ stated that he gave Dr. Gumbs' opinion "moderate weight."  (*Id.* at

25   23.)  Thus, because the ALJ never properly rejected Dr. Gumbs' opinion, he erred by

26   omitting its findings from Plaintiff's RFC.  *See Baltazar*, 2012 WL 2319263, at *5

27   (finding error in RFC where physician precluded claimant from "repetitive" gripping

28   and grasping, ALJ did not properly translate or reject the opinion, and RFC allowed

3

1  for "frequent" gripping and grasping); *Brooks*, 2012 WL 2373628, at *5 (holding

2  similarly).

3        **B.**    <u>Remand is Warranted</u>

4        With error established, this Court has discretion to remand or reverse and

5  award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  Where no

6  useful purpose would be served by further proceedings, or where the record has been

7  fully developed, it is appropriate to exercise this discretion to direct an immediate

8  award of benefits.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004).

9  But where there are outstanding issues that must be resolved before a determination

10  can be made, or it is not clear from the record that the ALJ would be required to find

11  plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.

12  *See id.* at 594.

13        Here, in light of the ALJ's error, Plaintiff's RFC was not properly assessed.

14  Therefore, on remand, the ALJ shall translate Dr. Gumbs' opinion into Social

15  Security terms, and either include its findings in Plaintiff's RFC, or provide valid

16  reasons for any portion that is rejected.

17        Based on the foregoing, IT IS ORDERED THAT judgment shall be entered

18  **REVERSING** the decision of the Commissioner denying benefits and

19  **REMANDING** the matter for further administrative action consistent with this

20  decision.[1]

21

22  Dated: October 31, 2014

23  _____

24              Hon. Jay C. Gandhi

25             United States Magistrate Judge

26

27

28      [1]   In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contention.  (*See* Joint Stip. at 16-18, 20-21.)